interest in Northlantic remains "unsupported speculation," which is insufficient to defeat a motion for summary judgment. Medina-Munoz, 896 F.2d at 8.

With regard to the Stoneham property, the Razzabonis argue that there are "badges" of ownership indicating that the Debtor actually maintained an ownership interest in it. For example, the Debtor and his family resided in the property, paid the mortgage on the property, filed property damage insurance claims on the property, and claimed a homestead exemption for the property in the bankruptcy filings. But, there is no evidence showing that any transfers or concealment occurred in the year prior to the bankruptcy filing. The Stoneham property was purchased in 1987, and the Debtor began living in the property at that time. Since the property was purchased, it was technically owned by Massbay, then transferred to Rosario, and then transferred to Norma at Rosario's death. Although the Debtor was a signatory on the original mortgage, he never retained any title of record to the property. Even if there were a plausible argument that some form of economic interest in the property should be attributed to the Debtor, that interest did not accrue in the year preceding the bankruptcy filing. Thus, there are no facts alleged that could reasonably prove that the Debtor concealed his interest in the Stoneham property during the year prior to the bankruptcy filing. Summary judgment, therefore, is appropriate on this claim.

Finally, as to the gifts and loans, the Debtor argues